IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN JOSE WATFORD,**<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**ANDRE MATEVOUSIAN, Warden,**<br><br>　　　　　　　　　　Respondent. | Case No. 1:15-cv-00005-LJO-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

　　Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Respondent, Andre Matevousian, Warden of United States Prison Atwater, is hereby substituted as the proper named respondent pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure. Petitioner's March 9, 2015 motion to amend the petition to name the proper respondent is hereby granted. (ECF No. 10.)

　　Petitioner filed the instant habeas petition in this Court on January 5, 2015. He is currently incarcerated at the United States Prison in Atwater, California. Petitioner was arrested in the United States District Court for the Northern District of Indiana for aggravated bank robbery and aiding and abetting the carrying of a firearm. Petitioner was found guilty by a jury of using a firearm in furtherance of bank robbery. United States v. Watford, 165 F.3d 34 (7th Cir. 1998). Petitioner claims he is entitled to relief in

light of the recent Supreme Court decision in Rosemond v. United States, 134 S. Ct. 1240, 1241 (2014). (See generally Pet., ECF No. 1 at 5-9.)

## I. **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. **JURISDICTION**

A federal court may not entertain an action over which it has no jurisdiction. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction

or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Petitioner seeks review of his conviction and sentence under § 2241, arguing that Rosemond altered the standard of knowledge for defendants convicted of aiding and abetting the possession or use of a weapon during the commission of certain federal offenses. Rosemond v. United States, 134 S. Ct. 1240 (2014); (Pet. at 5-9). Petitioner argues that he would not have been convicted of several counts if the jury instructions in his trial had complied with the reasoning of Rosemond. Id. Accordingly, Petitioner believes his sentence is unlawfully long. (Pet. at 5-9.) Because Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence, § 2255's exclusive remedy rule bars the present petition, unless the savings clause applies.

A. Application of The Savings Clause

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

3

ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit further held that relief pursuant to § 2241 is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is inadequate or ineffective. Ivy, 328 F.3d at 1057. As discussed in more detail below, Petitioner fails to meet either of these requirements.

### B. Retroactive Application

Petitioner argues that Rosemond affords him an argument previously unavailable, rendering his § 2255 remedy "inadequate or ineffective." Although Rosemond was decided on March 5, 2014, no court has yet found Rosemond retroactively applicable to cases on collateral review. See, e.g., Whitted v. Coakley, 2014 U.S. Dist. LEXIS 156697 (N.D. Ohio Nov. 5, 2014); Taniguchi v. Butler, No. 14-CV-120, 2014 U.S. Dist. LEXIS 144154, 2014 WL 5063748 *5 (E.D.Ky. October 8, 2014); Rodriguez-Pena v. Werlich, No. 14-cv-994, 2014 U.S. Dist. LEXIS 121483, 2014 WL 4273631, *2 (D.La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because Rosemond not made retroactively applicable by Supreme Court); Gentile v. Fox, 2014 U.S. Dist. LEXIS 109989, 2014 WL 3896065, *8 (C.D. Cal. July 11, 2014) (Rosemond concerned instructional error, not actual innocence, and does not make rule concerning aiding and abetting under § 924(c) retroactive on collateral review). Furthermore, according to the extensive case law holding that Rosemond is not retroactive, this Court refused to apply Rosemond retroactively to Petitioner's previous petition brought under §

2241. Watford v. Copenhaver, No. 1:14–cv–00615 2014 U.S. Dist. LEXIS 140006, 2014 WL 4967800 *2 (E.D. Cal. Dec. 8, 2014).

    C.    Actual Innocence

Because it is unlikely that Rosemond applies retroactively, Petitioner fails to meet the first condition for applying the § 2255 savings clause because his claims are not proper claims of "actual innocence."

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence. He must not only show that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Petitioner has not presented a strong case of factual innocence. Instead, Petitioner argues he should not have been found guilty of the firearm offense because under Rosemond he lacked advance knowledge of certain elements of the crimes. (See Pet. at 5-9.) Petitioner's argument only addresses the technical or legal elements of the crime. Petitioner does not refute that he took part in a bank robbery. He only challenges whether he had advance knowledge that a firearm would be used in the commission of the offense. In Rosemond, the Supreme Court held that a conviction on a charge of aiding and abetting a § 924(c) violation requires proof of advance knowledge that a co-defendant would use or carry a gun. Rosemond, 134 S.Ct. at 1249-50. Therefore, as

already determined by this Court, "<u>Rosemond</u> is not relevant to the issue of whether Petitioner is actually innocent of that charge, but rather whether he is legally innocent of that charge." <u>Watford v. Copenhaver</u>, No. 1:14–cv–00615 2014 U.S. Dist. LEXIS 140006, 2014 WL 4967800 *3 (E.D. Cal. Dec. 8, 2014). Accordingly, Petitioner has not presented sufficient factual support to establish a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 motion under the savings clause.

### D. <u>Unobstructed Procedural Opportunity</u>

The Court turns to whether the Petitioner has had "any opportunity" to seek relief from the sentencing court on the claim presented here. <u>See</u> <u>Abdullah</u>, 392 F.3d at 959. If so, then he cannot show that § 2255 is either inadequate or ineffective.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. In fact, Petitioner exhausted the procedural opportunities to which he is legally entitled long ago. Petitioner's first motion for federal habeas relief under § 2255 was denied by the Northern District Court of Indiana on March 21, 2000. <u>United States v. Watford</u>, No. 3:97-CR-26(02) RM, 2009 WL 112572, at *1 (N.D. Ind. Jan. 15, 2009). The Seventh Circuit Court of Appeals dismissed his appeal of that order on January 18, 2001. <u>Id.</u> Thereafter, Petitioner filed four more motions which the court denied as successive § 2255 petitions, the last of which was denied on April 25, 2013. <u>United States v. Watford</u>, N.D. Ind. Case No. 3:97-CR-26(02) RM, 2009 and 3:13-cv-137, ECF No. 229 (April 25, 2013). Further, the Seventh Circuit denied Petitioner's application to file a second or successive petition under § 2255 based on <u>Rosemond</u> on April 4, 2014. <u>Watford v. Copenhaver</u>, 2014 U.S. Dist. LEXIS 140006, 2014 WL 4967800, E.D. Cal. Case No. 1:14-cv-00615, ECF No. 2 (Dec. 8, 2014).

Petitioner then came before this Court seeking habeas relief under § 2241. <u>Id.</u> On December 8, 2014, Petitioner's motion was dismissed as successive. <u>Id.</u> This Court held it did not have jurisdiction under § 2255 and ordered Petitioner to file any following motions in the court of his conviction, an order Petitioner has explicitly ignored. <u>Id.</u> Petitioner appealed that order to the Ninth Circuit on December 19, 2014, which is

currently pending a certificate of appealability. <u>Watford v. Copenhaver</u>, 2014 U.S. Dist. LEXIS 140006, 2014 WL 4967800 *3, E.D. Cal. Case No. 1:14-cv-00615, ECF No. 34, 43 (Dec. 8, 2014). Petitioner also filed a motion for reconsideration which the Court denied on January 27, 2015. E.D. Cal. Case No. 1:14-cv-00615, ECF No. 40. Petitioner filed a second motion with this Court under § 2241 on January 5, 2015 (the present matter), while seeking review of his first § 2241 motion.

Petitioner's instant motion pleads the same facts and legal theories that were plead in the first § 2241 motion he brought before this Court. As Petitioner's claims in the instant motion have already been presented to and denied by this Court, the instant motion is successive. While a § 2255 motion filed by Petitioner may be procedurally barred as successive, such an obstacle is not sufficient to show that he lacked an unobstructed opportunity to present his claims. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1060 (9th Cir. 2003). Accordingly, Petitioner did not lack unobstructed procedural opportunity but instead enjoyed numerous opportunities to present his claims under § 2255.

Petitioner cannot prove his actual innocence of the charge in question or that he failed to receive an unobstructed opportunity under § 2255. For these reasons, Petitioner has failed to show that his § 2255 remedy is inadequate or ineffective in order to invoke the savings clause. The Court recommends that the petition be dismissed.

### III. **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  March 30, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE